# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WALT CHRISTOPHER BEST,
    Plaintiff,

v.                                             Case No. 8:21-cv-2893-KKM-SPF

PINELLAS COUNTY JAIL,
UNKNOWN OFFICER, and
UNKNOWN OFFICER,
    Defendants.
_____

## ORDER

Plaintiff Walt Christopher Best, a convicted and sentenced state prisoner, brings a pro se complaint under 42 U.S.C. § 1983. (Doc. 1) Because Best's Complaint fails to state a claim, the Court dismisses it without prejudice and provides Best an opportunity to amend. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).

I.     **The Complaint**

Best alleges that he was detained in the Pinellas County jail, when, at an unspecified date and time, an unnamed inmate confronted him, and the two men were separated from each other. (Doc. 1 at 4.) Next, an unnamed officer returned

the unnamed inmate to where Best was held in POD 3H3 of the medical department. (*Id*.) At approximately 9:00 a.m. on January 6, 2021, the unnamed inmate struck Best with a walker several times. (*Id*. at 5.)

As a result of the attack, Best suffered bruising, nerve damage, and numbing. (*Id*.) He was referred to an outside hospital where he underwent spinal surgery. (*Id*.) A video of the attack exists, and criminal charges were filed against the inmate. (*Id*. at 4.)

Best alleges that the unnamed officer who returned the unnamed inmate to POD 3H3 is liable for the injuries he suffered in the attack. (*Id*.) Best seeks to recover compensatory damages, court costs, and attorneys' fees. (*Id*.)

**II.    The Claims**

Best names the Pinellas County Jail as a defendant in this action. To state a viable section 1983 claim, the named defendants must be subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity to sue or be sued shall be determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b). Under Florida law, a detention center or jail lacks the capacity to be sued. *Maldonado v. Baker Cty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021). Therefore, because the Pinellas County Jail is not a legal entity amenable to suit, Best's claim against the Pinellas County jail is dismissed. He should not include the Jail as a defendant if he elects to file an amended complaint.

Best lists two unnamed officers as defendants in this action. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Nor is Best's description of the unnamed officers sufficiently clear to identify them and allow service of process on them.

*See Dean*, 951 F.2d at 1216. In the narrative portion of the Complaint, Best identifies only one unnamed officer who returned the unnamed inmate to POD 3H3. There is no mention of the second officer, unnamed or otherwise. Therefore, his claims against the unnamed officers are dismissed. *See Richardson*, 598 F.3d at 739 (remanding to determine whether the prisoner-litigant provided sufficient information to identify the prison-guard defendant so that "the court-appointed [service] agent can locate the prison-guard defendant with reasonable effort"). If he elects to file an amended complaint, Best must provide sufficient information of the officer to identify him and serve him.

Even had Best properly named a defendant, he fails to state a claim against any defendant. Best's allegations allude to claims of failure to protect him from harm. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotations omitted). "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* (quotations and alterations omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. (quotations omitted). Rather, the Eighth Amendment comes into play when an official subjectively is aware of a substantial risk of serious harm and the official fails to respond reasonably. *See id*. To state a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Id*. (quotations omitted).

Best's allegations are insufficient to state a claim for failing to protect him from the harm inflicted by the unnamed inmate. Best does not allege facts to show that the defendants subjectively knew that he faced a substantial risk of serious harm once the unnamed inmate was returned to POD 3H3. Nor does he allege sufficient facts to show that the defendants' conduct was unreasonable and caused the attack or his injuries. The mere allegation that Best and the unnamed inmate were separated after a prior confrontation—without more—does not make it plausible that the defendants were subjectively aware that a substantial risk of serious harm existed if the two men were in the same location. "[B]efore [d]efendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [the inmate's] generally problematic nature." *Id.* at 1349. "[T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference." *Id.* (quotations omitted).

### III. Conclusion

Because this is Best's first Complaint, the Court permits him an opportunity to amend. Accordingly, it is **ORDERED** that:

1. Best's Complaint is **DISMISSED WITHOUT PREJUDICE**.
    a. If Best wishes to amend to remedy the noted deficiencies, he shall file an amended complaint no later than **August 12, 2022**.
    b. To amend, Best should complete a new civil rights complaint form, titling it "Amended Complaint." The Amended Complaint must include all of Best's claims that he wishes to pursue and may not refer back to, or incorporate, the original

    Complaint. The Amended Complaint shall supersede the original Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

  c. The Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Best fails to file an Amended Complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Best must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Best a copy of both the standard prisoner civil rights complaint form and this order.

**ORDERED** in Tampa, Florida on July 29, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge