UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALT CHRISTOPHER BEST,
    Plaintiff,

v.                                           Case No. 8:21-cv-2893-KKM-SPF

JOHN DOE (3H3 POD OFFICER) and
JOHN DOE (3H3 POD SUPERVISOR),
    Defendants.
_____

**ORDER**

Plaintiff Walt Christopher Best, a state prisoner, brings a complaint under 42 U.S.C. § 1983. (Doc. 17.) A prior order set forth the law governing Best's claim, identified deficiencies in the initial Complaint, and permitted him an opportunity to amend his allegations. (Doc. 12.) Best now proceeds on his Amended Complaint. (Doc. 17.)

Under 28 U.S.C. §§ 1915(e) and 1915(A), a district court is required to review the Amended Complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The Amended Complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**I.**     **The Amended Complaint**

Best alleges that he was detained in POD 3H3 of the health department at the Pinellas County Jail, when, on January 6, 2021, at approximately 2:00 a.m., an unnamed inmate attacked him. (Doc. 17 at 5.) An unnamed officer placed the inmate in handcuffs and removed him from POD 3H3. (*Id.*)

Later that morning, at approximately 9:00 a.m., the inmate was returned to POD 3H3 where Best was held. (*Id.*) The inmate again attacked Best with a walker. (*Id.*) The attack was captured on video. (*Id.*) As a result of the attack, Best suffered bruising, numbing, and "mental scars." (*Id.*) Best was rushed to the hospital for treatment. (*Id.*)

Best alleges that the unnamed officer or officers who returned the unnamed inmate to POD 3H3 are liable for the injuries he suffered in the attack. (*Id.*) He seeks to recover $250,000.00 in compensatory damages and $750,000.00 in punitive damages for their negligence. (*Id.*)

## II.    Analysis

In the caption of the prisoner civil rights complaint form, Best lists the "Pinellas County Jail Sheriffs" as a defendant. (Doc. 17 at 1.) As explained in the prior screening order (Doc. 12 at 2), the Pinellas County Jail is not a legal entity amenable to suit. Similarly, the Pinellas County Sheriff's Office is not a legal entity amenable to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

In the section of the form where he must list the defendants, Best lists two unnamed defendants: John Doe (3H3 POD Officer) and John Doe (3H3 POD Supervisor). (Doc. 17 at 2.) As explained in the prior screening order (Doc. 12 at 2), fictitious-party pleading is generally not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Best again fails to provide any description of the officer who returned the unnamed inmate to POD 3H3, such as the officer's gender, age, or color. Furthermore, there is no mention of a supervisor, unnamed or otherwise. Without any description of the officer or supervisor, a

"court-appointed [service] agent can[not] locate the prison-guard defendant with reasonable effort." *See Richardson*, 598 F.3d at 739.

Even had Best properly identified a defendant, he again fails to state a claim against any defendant. In the prior screening order, the Court set forth the legal standards governing a claim for failing to protect Best from the harm inflicted by the unnamed inmate and identified the deficiencies in Best's allegations. (Doc. 12 at 3.) Nevertheless, Best again fails to allege any facts to show that the defendants subjectively knew that he faced a substantial risk of serious harm once the unnamed inmate was returned to POD 3H3. Nor does he allege any facts to show that the defendants' conduct was unreasonable and caused the attack or his injuries. The mere allegation that Best and the unnamed inmate were separated after a prior confrontation—without more—does not make it plausible that the defendants were subjectively aware that a substantial risk of serious harm existed if the two men were in the same location.

Furthermore, Best twice describes the conduct of the defendants as "negligence." (Doc. 17 at 3 and 5.) "Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983." *Hernandez v. Fla. Dep't of Corrs.*, 281 F. App'x 862, 866 (11th Cir. 2008).

### III. Conclusion

Best had an opportunity to amend his allegations to identify a defendant and to state a claim under the legal standards set forth in the Court's prior screening order but failed to do so. Therefore, this case is **DISMISSED WITH PREJUDICE**. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff

3

must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). The Clerk is directed to **CLOSE** this case.

    **DONE and ORDERED** in Tampa, Florida on January 11, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge